**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

```
-----------------------------------------------------------X
TYLER SMITH, Individually and on              :
Behalf of All Other Persons Similarly Situated,  :   Case No.: _____
                                              :
              Plaintiff,                      :
                                              :   COLLECTIVE AND
                                              :   CLASS ACTION
                                              :   COMPLAINT
          -against-                           :
                                              :   JURY TRIAL DEMANDED
CRAFTWORKS RESTAURANTS                        :
& BREWERIES GROUP, INC. d/b/a                 :
OLD CHICAGO PIZZA & TAPROOM                   :
                                              :
              Defendant.                      :
-----------------------------------------------------------X
```

## INTRODUCTION

Plaintiff Tyler Smith, individually and on behalf of all others similarly situated, through counsel, upon personal knowledge, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation and applicable damages, interest, attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiff and other current and former salary-paid Assistant Managers, and similarly situated current and former salary-paid employees holding comparable positions but different titles (collectively "AMs"), employed by Defendant Craftworks Restaurants and Breweries Group, Inc. d/b/a Old Chicago Pizza & Taproom ("Defendant") in the United States, who worked more than 40 hours in any given workweek at an Old Chicago Pizza & Taproom branded restaurant, from three years before the date this Complaint was filed until entry of judgment in this matter

(the "Relevant Time Period"), and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "Collective" or "Collective Action Members").

2. This action also seeks to recover unpaid overtime compensation, and applicable damages, penalties, interest, attorney's fees and costs under the Colorado Wage Claim Act, C.R.S.A. § 8-4-101 *et seq.* (the "CWA") , including but not limited to claims arising under § 8-4-103 and under § 8-4-109, as interpreted by all applicable Colorado Minimum Wage Orders, 7 CCR 1103-1 ("Wage Orders"), the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 et. seq. (the "CMWWA"), as interpreted by all applicable Wage Orders, and pursuant to all other statutory wage claims and breach of contract claims for payment of overtime wages allowed under Colorado law (collectively "Colorado Wage and Hour Law"), for Plaintiff and other current and former AMs who worked more than 40 hours in any workweek at any Old Chicago restaurant owned and operated by Defendant in the state of Colorado (the "Class" or "Class Action Members"), and were paid by salary for the period from three years before the date this Complaint was filed until the entry of judgment in this matter (the "Relevant Time Period").

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and over Plaintiff's Colorado Wage and Hour Law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5.      Defendant maintains its principal corporate office and regularly conducts business in this District.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff is an individual residing in Thornton, Colorado.

8.      Plaintiff was employed by Defendant from approximately January 2016 to July 2016 an AM at Defendant's Old Chicago restaurant located at 1102 Pearl Street, Boulder, CO.

9.      While employed as an AM, Plaintiff regularly worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal and Colorado law. An example of a workweek in which Plaintiff worked more than 40 hours is March 13-20, 2016.

10.     Defendant Craftworks is a Delaware corporation headquartered in Broomfield, Colorado with additional support offices in Chattanooga, Tennessee. Defendant operates over 200 restaurants, brewery restaurants and entertainment across the United States, including over 100 Old Chicago restaurants of which approximately 25 are located within Colorado.[1]

11.     At all times relevant herein, Defendant has employed Plaintiff and has been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

12.     At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

13.     At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for

---

[1] *See* CraftWorks Home Page, available at http://www.craftworksrestaurants.com/ (last visited August 6, 2018); and list of Old Chicago locations, available at https://oldchicago.com/our-locations (last visited August 6, 2018)

3

commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person. Further, Defendant has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.

14. At all times relevant herein, Plaintiff and all similarly situated employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15. Defendant was, at all times during the applicable Relevant Time Period, a business or enterprise that sells or offers for sale, any service, commodity, article, good, real estate, wares, or merchandise to the consuming public, and that generates 50% or more of its annual dollar volume of business from such sales; and that offered goods or services that will not be made available for resale.

16. Defendant was, at all times during the applicable Relevant Time Period, covered by each Colorado Minimum Wage Order applicable to the respective years within the Relevant Time Period as a business or enterprise within the "Retail and Service" industry as that term is defined therein.

17. Defendant was, at all times during the Relevant Time Period, a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises.

18. Defendant was, at all times during the Relevant Time Period, covered by each Wage Order applicable to the respective years within the Relevant Time Period as a business or enterprise within the "Food and Beverage" industry as that term is defined therein.

19. Plaintiff and the AMs were Defendant's "employees" as that term is defined by all applicable Wage Orders because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed.

## FACTUAL ALLEGATIONS

20. Defendant employed Plaintiff, the Collective and the Class as AMs.

21. Defendant maintains control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff, members of the Collective, and members of the Class.

22. Defendant suffered, permitted or directed the work of Plaintiff and similarly situated employees, and Defendant benefited from work performed by Plaintiff and similarly situated employees.

23. Plaintiff, members of the Collective, and members of the Class performed work as AMs that was integrated into the normal course of Defendant's business.

24. Consistent with Defendant's policy, pattern and/or practice, Plaintiff, members of the Collective, and members of the Class regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and Colorado law.

25. Plaintiff regularly worked 60-65 hours per week as an AM, but was never paid overtime for hours worked over 40 per week, or over twelve (12) in any workday or twelve (12) consecutive hours without regard to the starting and ending time of the workday.

26. Defendant assigned and is aware of all of the work that the Plaintiff, members of the Collective, and members of the Class have performed.

27. The work performed for Defendant by Plaintiff, members of the Collective, and members of the Class required no capital investment, nor did said work include managerial

responsibilities or the exercise of meaningful independent judgment and discretion as the primary duties of the position.

28. During the Relevant Time Period, the primary job duties of the Plaintiff, members of the Collective, and members of the Class did not include hiring, firing, or disciplining other employees.

29. During the Relevant Time Period, Plaintiff, members of the Collective and members of the Class all performed the same primary job duties, including customer service, food and drink preparation, and cleaning. The primary job duties of AMs were the same regardless of the restaurant in which they worked.

30. The primary job duties of Plaintiff, members of the Collective, and members of the Class did not materially differ from the duties of Defendant's non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's, the Collective's members' and the Class' members' working hours.

31. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff, members of the Collective, and members of the Class as exempt from coverage of the overtime provisions of the FLSA and Colorado Wage and Hour Law.

32. Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Plaintiff, members of the Collective, or members of the Class when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and Colorado Wage and Hour Law.

33. Defendant established labor budgets to cover labor costs for the restaurants where Plaintiff and similarly situated employees worked. Defendant did not provide sufficient resources

6

in the labor budgets for non-exempt employees to complete all of their non-exempt tasks in each restaurant. Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in restaurant labor budgets resulted in Plaintiff, members of the Collective, and members of the Class (who were not paid overtime) working more than 40 hours in a workweek and primarily performing manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendant to avoid paying additional wages (including overtime) to the restaurant-level employees it classified as non-exempt.

34. Defendant acted willfully by virtue of the fact that their General Managers (as their authorized agents) actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties. Defendant also acted willfully and in reckless disregard of its obligations under the FLSA and Colorado Wage and Hour Law that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work. Defendant knew, by virtue of the fact that their General Managers (as their authorized agents) actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties, that Plaintiff and similarly situated employees did not fall under any exemptions under the FLSA and Colorado Wage and Hour Law.

35. As an experienced business operating hundreds of restaurants throughout the country, Defendant knew or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and other similarly situated employees were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any overtime exemption under the FLSA and Colorado Wage and Hour Law.

36. Defendant's unlawful conduct, as described above, was willful or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and Colorado Wage and Hour Law.

37. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a policy, pattern and practice of violating the FLSA and Colorado Wage and Hour Law with respect to Plaintiff, members of the Collective, and members of the Class. This policy, pattern and practice includes, but it is not limited to, Defendant's knowledge of its obligations under the FLSA and Colorado Wage and Hour Law, and the kind of work that Plaintiff, members of the Collective, and members of the Class were and have been actually performing. As a result, Defendant has:

    a. willfully misclassified Plaintiff, members of the Collective, and members of the Class as exempt from the overtime requirements of the FLSA and Colorado Wage and Hour Law;

    b. willfully failed to pay Plaintiff, members of the Collective, and members of the Class overtime wages for hours they worked in excess of 40 hours per week, and as to members of the Class overtime wages for hours they worked in excess of twelve (12) in a workday or twelve (12) consecutive hours without regard to the starting and ending time of the workday; and

    c. willfully failed to provide enough money in its restaurant-level labor budgets for Defendant's non-exempt employees to perform their duties and responsibilities, thereby forcing Defendant's AMs that it classified as exempt to perform additional non-exempt tasks.

38.     Defendant's willful violations of the FLSA and Colorado Wage and Hour Law are further demonstrated by the fact that throughout the Relevant Time Period, and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiff, members of the Collective, and members of the Class.  Defendant acted recklessly or in willful disregard of the FLSA and Colorado Wage and Hour Law by instituting a policy and/or practice that did not allow Plaintiff, members of the Collective, or members of the Class to record all hours worked.

39.     Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiff, members of the Collective, and members of the Class in excess of 40 hours per workweek, and as to members of the Class overtime wages for hours they worked in excess of twelve (12) in a workday or twelve (12) consecutive hours without regard to the starting and ending time of the workday, was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40.     Pursuant to 29 U.S.C. §216(b), Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Defendant as AMs during the Relevant Time Period.

41.     Defendant is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees.

42.     Upon information and belief, there are hundreds of similarly situated current and former AMs who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the

9

opportunity to join.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

43. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## COLORADO WAGE AND HOUR LAW CLASS ALLEGATIONS

44. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to prosecute his Colorado Wage and Hour Law claims as a class action on behalf of all persons who are, or were, formerly employed by Defendant in Colorado as AMs (collectively, the "Class") at any time during the Relevant Time Period.

45. The persons in the Class are so numerous and geographically dispersed that their joinder is impracticable.

46. Plaintiff's claims are typical of the claims of the Class. He is an adequate representative to fairly prosecute the interests of the Class, and has retained competent counsel to advance the interests of the Class. And, there are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether Defendant has a policy of misclassifying AMs as "exempt" employees and denying them overtime compensation;

    b. whether Defendant failed to keep true and accurate time records for all hours worked by the Class;

    c. what proof of hours worked is sufficient when employers fail in their duty to maintain true and accurate time records;

    d. whether Defendant have failed and refused to pay the Class overtime

wages for hours worked more than forty (40) hours per work week within the meaning of the Colorado Wage and Hour Laws;

  e. the nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

  f. whether Defendant is liable for damages claimed in this matter, including but not limited to compensatory, punitive and statutory damages, interest, costs, disbursements, and attorneys' fees; and,

  g. whether Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

47. A class action in superior to other methods of adjudicating the Colorado Wage and Hour Law misclassification claims set forth in this case.

## FIRST CAUSE OF ACTION
**Violation of Fair Labor Standards Act**
**(Brought on Behalf of Plaintiff and the Collective)**

48. Plaintiff, on behalf of himself and the Collective, re-allege and incorporate by reference the previous paragraphs as if they were set forth again herein.

49. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendant employed Plaintiff, and employed or continue to employ, each member of the Collective within the meaning of the FLSA.

51. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

52. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), by the attached Consent filed with this pleading.

53. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendant.

54. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and members of the Collective, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and members of the Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

56. As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for their restaurants, Defendant knew or recklessly disregarded the fact that Plaintiff and member of the Collective were primarily performing manual labor and non-exempt tasks.

57. Due to Defendant's (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and members of the Collective, (c) actual knowledge that the primary duties of Plaintiff and members of the Collective were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiff's and the Collective members' job duties to ensure that

they were performing primarily exempt job duties, and (e) policy and practice that did not allow Plaintiffs and member of the Collective to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

58. As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled to (a) recover from Defendant unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover any available interest for unreasonably delayed payment of wages, and reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

59. Defendant's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*. – Section 103 Claims**
**(Brought on Behalf of Plaintiff and the Colorado Class)**

60. Plaintiff incorporates by reference all of the above paragraphs preceding the First Cause of Action.

61. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

62. At all relevant times, Defendant has employed, and continues to employ, "employees," including Plaintiff and the Class, within the meaning of the Colorado Wage Claim Act.

63. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the FLSA and the Colorado Wage and Hour Law for hours worked over forty in a workweek or over twelve in a workday or continuous work period, thereby violating, and

continuing to violate, the Colorado Wage Claim Act. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

64. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on his behalf and on behalf of all Class members in an amount sufficient to provide compensation for all overtime hours worked. This demand for payment is continuing and is made on behalf of any current employees of Defendant whose employment terminates at any time in the future. Such payment can be made by delivery to Plaintiff at the address listed at the end of this pleading.

### THIRD CAUSE OF ACTION
**Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq.*, - Wage Order Claims
(Brought on Behalf of Plaintiff and all the Colorado Class)**

65. Plaintiff incorporates by reference all of the above paragraphs.

66. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

67. At all relevant times, Defendant has employed, and continues to employ, "employees", including plaintiff, within the meaning of the Minimum Wage Act.

68. Plaintiff was an employee of Defendant within the meaning of the Minimum Wage Act.

69. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

70. As a result, Plaintiff and members of the Class have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**Colorado Wage Claim Act § 8-4-101, et seq. –Section 109 Claims**

14

71.     Plaintiff incorporates herein the allegations contained in the paragraphs preceding and following the First Cause of Action.

72.     As alleged above, at all relevant times Defendant has been, and continues to be, an "employer" within the meaning of the FLSA and the Colorado Wage Act, as implemented by the Wage Orders.

73.     As alleged above, at all relevant times Defendant has employed, and/or continues to employ, "employees," including Plaintiff, within the meaning of the FLSA and the Colorado Wage Act, as implemented by the Wage Orders.

74.     Plaintiff was an employee of Defendant within the meaning of the FLSA and the Colorado Wage Act, as implemented by the Wage Orders, during his period of employment as an AM within the dates stated above.

75.     As alleged above, Defendant is and was at all relevant times covered by all applicable Wage Orders by operating within the Retail and Service, and Food and Beverage, industries as therein defined.

76.     Defendant violated the Colorado Wage Act as implemented by all applicable Wage Orders when it failed to pay Plaintiff upon his separation from employment, and all other separated AMs whose employment with Defendant terminated within the period beginning three years preceding the filing date of this Complaint upon their separation from employment with Defendant (collectively the "Separated AMs"), within the time required by statute, their gross wages inclusive of overtime premiums for hours worked over forty in each given workweek (as required by the FLSA and Colorado Wage and Hour Law) or over twelve in a workday or continuous work period (as required by Colorado Wage and Hour Law) for the applicable period of their employment with Defendant under C.R.S. § 8-4-109.

77. Plaintiff's and the Separated AMs' gross wages, inclusive of the unpaid overtime premiums owed under the FLSA, CWA and all applicable Wage Orders, are and were earned, vested and determinable wages or compensation at the time of their separation from employment for the purposes of C.R.S. § 8-4-109(3)(b). C.R.S. § 8-4-101(8)(a)(I).

78. Defendant did not make Plaintiff's and the Separated AMs' gross wages, inclusive of the unpaid overtime premiums owed under applicable federal and state law, available following separation from employment at the applicable time and location required by C.R.S. §§ 8-4-109(1)(a)(i)-(iii) or (1)(b)(i)-(iii).

79. Defendant did not mail Plaintiff's and the Separated AMs' gross wages, inclusive of the unpaid overtime premiums owed under applicable federal and state law, to their last known mailing address as required by C.R.S. § 8-4-109(1)(c).

80. As a result, Plaintiff and the Separated AMs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

81. Plaintiff and the Separated AMs are therefore entitled to recover in this civil action the unpaid balance of the full amount of overtime wages they are owed, together with attorney's fees and court costs.  C.R.S. § 8-4-110(1).

82. Plaintiff and/or any Separated AMs to whom Defendant failed to make payment in full of the required wages within fourteen days of receipt of written demand (the "Demand Subclass") are further entitled to recovery of additional penalties pursuant to C.R.S. § 8-4-109(3)(b).

83. The Separated AMs within the Demand Subclass are further entitled to recovery of additional penalties pursuant to C.R.S. § 8-4-109(3)(c) for willful violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant in favor of Plaintiff and the class and collective members finding a violation of the FLSA and applicable Colorado Wage and Hour Laws, and awarding the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

d. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

17

  e. Certification of this action as a class action under Fed. R. Civ. P. 23 on behalf of the above-referenced Class and subclass(es), certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

  f. Ordering prompt notice of this litigation to all potential Class Members;

  g. An award to the Class members of all compensatory damages, penalties, interest, attorneys' fees, and litigation expenses as provided by Colorado Wage and Hour Law, including additional amounts owed beyond the damages provisions of the FLSA;

  h. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

  i. An award of any allowed prejudgment and post-judgment interest;

  j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

  k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by a jury of twelve persons on all questions of fact raised by the Complaint.

Dated: August 6, 2018      By: *s/ Bethany A. Hilbert*
              C. Andrew Head
              Bethany Hilbert
              Head Law Firm, LLC
              4422 N. Ravenswood Ave.
              Chicago, IL 60640
              Tel: (404) 924-4151

Fax: (404) 796-7338
ahead@headlawfirm.com
bhilbert@headlawfirm.com


Fran L. Rudich
Seth R. Lesser
Christopher M. Timmel
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
fran@klafterolsen.com
seth@klafterolsen.com
christopher.timmel@klafterolsen.com

*Attorneys for Plaintiff and the Collective*

Plaintiff's address:
12755 Jasmine Court
Thornton, CO 80602